UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DALANA F.,[1]

                     Plaintiff,

    v.

COMMISSIONER OF SOCIAL SECURITY,

                     Defendant.
_____

DECISION & ORDER

20-CV-0855MWP

## PRELIMINARY STATEMENT

On July 9, 2020, plaintiff Dalana F. ("plaintiff") commenced this action seeking judicial review of a final decision of the Commissioner of Social Security (the "Commissioner") denying her application for Disability Insurance Benefits and Supplemental Security Income ("DIB/SSI"). (Docket # 1). Pursuant to the Standing Order of the United States District Court for the Western District of New York regarding Social Security cases dated June 29, 2018, this case has been reassigned to, and the parties have consented to the disposition of this case by, the undersigned. (Docket # 15). On September 20, 2021, this Court entered a judgment reversing the Commissioner's denial of DIB/SSI and remanding the case to the Commissioner pursuant to 42 U.S.C. § 405(g), sentence four, for further administrative proceedings. (Docket # 19). On January 14, 2022, the parties stipulated that the Commissioner would pay $ 6,252.30 in

---

[1] Pursuant to the November 18, 2020 Standing Order of the United States District Court for the Western District of New York regarding identification of non-governmental parties in social security opinions, the plaintiff in this matter will be identified and referenced solely by first name and last initial.

attorneys' fees in full satisfaction of plaintiff's claim pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). (Docket # 23).

After remand, plaintiff obtained a fully favorable decision on October 28, 2022 (Docket # 24-7), and received $ 102,302.00 in past-due benefits (Docket ## 24-3; 24-4). The Commissioner withheld 25% of that award, or $ 25,575.50, to pay plaintiff's counsel, the Law Offices of Kenneth R. Hiller PLLC ("Hiller"). (*Id.*). Hiller now moves, pursuant to 42 U.S.C. § 406(b) and its fee agreement with plaintiff (Docket ## 24; 24-6) (the "Agreement"), for an award of $ 25,575.50 in attorneys' fees, which is 25% of plaintiff's award. (Docket # 24-1 at 2). The Commissioner responded to the motion but did not take any position as to whether the requested amount was reasonable. (Docket # 27).

## DISCUSSION

### I.     Timeliness of the Motion

Applications for attorneys' fees generally must be filed within 14 days after the entry of judgment. *See* Fed. R. Civ. P. 54(d)(2)(B)(1). With respect to attorneys' fees sought pursuant to § 406(b), the party seeking such fees must file the motion within 14 days of notice of a benefits award. *See Sinkler v. Berryhill*, 932 F.3d 83, 88 (2d Cir. 2019). It is presumed that a notice is received "three days after mailing." *See id.* at 89 n.5; *see also* Fed. R. Civ. P. 6(d).

In this case, the Commissioner issued two Notices of Award, one relating to plaintiff's claims and one relating to plaintiff's child's auxiliary benefits. (Docket ## 24-3, 24-4). Although plaintiff first received her notice on or about April 29, 2023, Hiller did not receive a notice relating to plaintiff's child's benefits claim until November 6, 2023. (Docket ## 24-2 at ¶ 10). It was only after the notice for plaintiff's child's benefits was received that counsel was able

to ascertain the total amount of past-due benefits and the maximum attorneys' fees that could be sought.

The pending motion was filed on November 20, 2023 – 14 days after the last notice was received, and I conclude that the motion is timely. *See Leonard J.H. v. Comm'r of Soc. Sec.*, 2023 WL 2768300, *2 (W.D.N.Y. 2023) ("the limitations period did not begin until counsel received copies of the Child Auxiliary Notices of Award") (internal citation omitted); *Capers v. Saul*, 2022 WL 3543569, *3 (E.D.N.Y. 2022) ("[w]ithout information regarding her child's award, [p]laintiff's counsel did not receive notice of the maximum attorney's fees that may be claimed, and, therefore, the fourteen-day limitations period did not begin to run on that date") (internal quotation omitted); *Kraft v. Comm'r of Soc. Sec.*, 2021 WL 1540502, *2 (W.D.N.Y. 2021) (attorneys' fees application was timely when "counsel did not receive notice of the maximum attorney's fees that may be claimed until the Administration transmitted to her notice of [p]laintiff's children's award") (internal quotation omitted).

II.     **Reasonableness of the Fees**

Section 406(b) of the Social Security Act provides, in relevant part:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment.

42 U.S.C. § 406(b)(1)(A). "The Commissioner's failure to oppose this motion is not dispositive, as '[S]ection 406(b) requires an affirmative judicial finding that the fee allowed is 'reasonable.''" *Ewald v. Comm'r of Soc. Sec.*, 2008 WL 4104458, *1 n.1 (E.D.N.Y. 2008) (quoting *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 n.17 (2002)). "[W]here there is a contingency fee agreement in a

3

successful social security case, the district court's determination of a reasonable fee under § 406(b) must begin with the agreement, and the district court may reduce the amount called for by the contingency agreement only when it finds the amount to be unreasonable." *Wells v. Sullivan*, 907 F.2d 367, 371 (2d Cir. 1990). While a court "must give due deference to the intent of the parties[,] . . . it ought not blindly approve every fee request made pursuant to a contingent agreement." *Id.* at 372; *accord Joslyn v. Barnhart*, 389 F. Supp. 2d 454, 456 (W.D.N.Y. 2005) ("[a] contingent-fee agreement is not *per se* reasonable").

In assessing reasonableness, the court should determine "whether the contingency percentage is within the 25% cap [of Section 406(b)]" and "whether there has been fraud or overreaching in making the [contingency] agreement." *Wells v. Sullivan*, 907 F.2d at 372. The court should also consider: (1) the "character of the representation and the results the representative achieved"; (2) whether "the attorney [was] responsible for delay . . . so that the attorney will not profit from the accumulation of benefits during the pendency of the case in court"; and, (3) whether the "benefits are large in comparison to the amount of time counsel spent on the case," so as to prevent counsel from receiving a windfall. *See Gisbrecht v. Barnhart*, 535 U.S. at 808.

As to the third factor, i.e., whether the fee award constitutes a windfall to the attorney, courts often examine the lodestar figure to help make this determination. *See Abbey v. Berryhill*, 2019 WL 336572 (W.D.N.Y. 2019), *motion for relief from judgment granted sub nom*. *Abbey v. Saul*, 2019 WL 3334339 (W.D.N.Y. 2019). The Court must consider "more than the de facto hourly rate" in deciding whether there is a windfall. *Fields v. Kijakazi*, 24 F.4th 845, 854 (2d Cir. 2022). When determining whether a fee award constitutes a windfall, which would render a § 406(b) fee award unreasonable, the Court considers: (1) "the ability and expertise of

4

the lawyers and whether they were particularly efficient[;]" (2) "the nature and length of the professional relationship with the claimant[;]" (3) "the satisfaction of the disabled claimant[;]" and, (4) "how uncertain it was that the case would result in an award of benefits and the effort it took to achieve that result." *Id*. at 854-55. "A windfall is more likely to be present in a case . . . where the lawyer takes on a contingency-fee representation that succeeds immediately and with minimal effort, suggesting very little risk of nonrecovery. That kind of unearned advantage is what the windfall concern is really about." *Id*. at 856.

The Court begins its analysis with the Agreement. First, the contingency arrangement specified in the Agreement does not exceed Section 406(b)'s 25% statutory cap. Plaintiff agreed to pay Hiller 25% of awarded past-due benefits resulting from their claim – the amount Hiller seeks – which is reasonable in the context of social security litigation. *See Gisbrecht*, 535 U.S. at 803 ("[c]haracteristically in cases of the kind we confront, attorneys and clients enter into contingent-fee agreements specifying that the fee will be 25 percent of any past-due benefits to which the claimant becomes entitled") (quotation omitted).

Furthermore, nothing in the record suggests that the Agreement was the product of fraud or overreaching on Hiller's part. There is also no dispute over the character of Hiller's representation of plaintiff; Hiller's representation resulted in plaintiff's recovery of past-due benefits. In addition, nothing suggests that Hiller delayed the case. Plaintiff commenced this case on July 9, 2020, moved for judgment on the pleadings by March 8, 2021, and secured a remand on September 20, 2021. The length of the case was not unreasonable, and counsel prosecuted it diligently.

Finally, plaintiff's past-due benefits are not so "large in comparison to the amount of time counsel spent on the case" to constitute a windfall. *See Gisbrecht*, 535 U.S. at 808.

5

Here, Hiller spent 28.2 hours litigating the case in federal court. (*See* Docket # 24-5). Hiller's *de facto* hourly rate was thus $906.93, which I find to be reasonable. *See, e.g.*, *Fields v. Kijakazi*, 24 F.4th at 854 (an effective hourly rate of $1,556.98 was not a "windfall"); *Hennelly v. Kijakazi*, 2023 WL 3816961, *2 (S.D.N.Y. 2023) (an hourly rate of $1,705.16 did not constitute "windfall" to counsel); *Leonard J.H. v. Comm'r of Soc. Sec.*, 2023 WL 2768300, *4 (W.D.N.Y. 2023) (an hourly rate of $1,473.77 was not a windfall to counsel) (collecting cases); *Randolph A. v. Comm'r of Soc. Sec.*, 2022 WL 17128636, *3 (W.D.N.Y. 2022) (approving fee award equivalent to an hourly rate of $876.56); *Robert J. v. Comm'r of Soc. Sec.*, 2022 WL 1536710, *3 (W.D.N.Y. 2022) (approving fee award equivalent to an hourly rate of $729.79). "Indeed, [i]t would be foolish to punish a firm for its efficiency and thereby encourage inefficiency, by reducing a high *de facto* hourly rate that is simply the result of accomplished lawyers doing what other lawyers might reasonably have taken twice as much time to do." *Robert M. v. Kijakazi*, 2022 WL 1222462, *2 (W.D.N.Y. 2022) (quotation omitted). Weighing all of the above considerations, the Court determines that Hiller's fee request is reasonable.

## CONCLUSION

For these reasons, Hiller's motion for attorneys' fees pursuant to 42 U.S.C. § 406(b) **(Docket # 24)** is **GRANTED** and plaintiff's counsel is awarded attorneys' fees in the amount of $ 25,575.50. The Commissioner is directed release these funds in accordance with agency policy. In addition, I direct plaintiff's attorney to return to plaintiff the $ 6,252.30 awarded pursuant to the EAJA within 14 days of receipt of the § 406(b) fee. *See Gisbrecht*, 535 U.S. at 796 ("[f]ee awards may be made under both [the EAJA and Section 406(b)], but the

claimant's attorney must refund to the claimant the amount of the smaller fee") (alterations and quotations omitted).

**IT IS SO ORDERED.**

_s/Marian W. Payson_
MARIAN W. PAYSON
United States Magistrate Judge

Dated:  Rochester, New York
        December 20, 2024